UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

L.V., individually, and L.V. on behalf of C.V.,

                                 Plaintiffs,

                  -against-

Rye City School District,

                                 Defendant.

---------------------------------------------------------------X

7:22-cv-04255-VR

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

      Defendant Rye City School District moves for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c).  ECF No. 31 (Mot.).  In sum, the District asks the Court to prohibit further discovery, deny Plaintiffs' Request for Production of Documents and Interrogatories, and establish a briefing schedule for summary judgment motion(s).  *Id.*  For the reasons explained below, the District's motion is **DENIED**.

**BACKGROUND[1]**

      In May 2022, L.V., individually, and L.V. on behalf of C.V. (collectively, the "Plaintiffs") filed this action under the Individuals with Disabilities Education Act ("IDEA"),[2] Title II of the Americans with Disabilities Act of 1990 ("ADA"),[3] and Section 504 of the Rehabilitation Act of 1973.[4]  (ECF Nos. 1 (Compl.), 13 (Am. Compl.)).  As relevant now,

---

[1] The Court assumes the parties' familiarity with the facts and record of the prior proceedings, to which the Court refers only as necessary to explain this decision.

[2] Pub. L. No. 101-476, 104 Stat. 1103, 1141–42 (1990) (codified as amended at 20 U.S.C. §§ 1400 to 1485).

[3] Pub. L. No. 101-336, 104 Stat. 327, 337–38 (codified at 42 U.S.C. §§ 12131 to 12134).

[4] Pub. L. No. 93-112, 87 Stat. 355, 394 (codified as amended at 29 U.S.C. § 794).

Plaintiffs allege that C.V., who was 13 to 15 years old during the relevant period, was classified as eligible to receive special education, as a student with a specific learning disability in reading and written language.  (ECF No. 13 at 4–6).  In an administrative proceeding held before an Impartial Hearing Officer (IHO), Plaintiffs successfully claimed that C.V. had been denied a Free Appropriate Public Education (FAPE).  (ECF No. 13-1).  On appeal, the State Review Officer (SRO) determined that the District had offered C.V. a FAPE.  (ECF No. 13-2).  The SRO also declined to rule on Plaintiffs' ADA and Section 504 claims, explaining that the SRO lacked jurisdiction to consider those claims.  *Id.* at 19.  This action followed.  Plaintiffs now claim that the District denied C.V. a FAPE under the IDEA and denied C.V. a reasonable accommodation under the ADA and Section 504.  (ECF No. 13 at 18–19).

The District now moves for a protective order to preclude Plaintiffs' discovery requests, arguing that: (1) this Court's review is limited to the evidence presented at the administrative hearing, (ECF No. 33 (Mem.) at 7–8); (2) Plaintiffs' ADA and Section 504 claims were raised and rejected at the administrative hearing, (*id.* at 8–10); (3) any new claims asserted by Plaintiffs are barred by the statute of limitations and failure to exhaust administrative remedies, (*id.* at 10–11); and (4) even if discovery were permitted, Plaintiffs' demands are improper, (*id.* at 11–14).

In response, Plaintiffs argue that: (1) they are entitled to discovery on their claims in the form in which they were pleaded, i.e., Plaintiffs' ADA and Section 504 claims were pleaded as "original claims," (ECF No. 34 (Mem.) at 4–6); (2) the SRO disclaimed jurisdiction over the ADA and Section 504 claims, (*id.* at 6–8); (3) the District's assertions of res judicata and the statute of limitations were inadequately pleaded in the Answer; and (4) their discovery demands are proper and proportional to the needs of the case, (*id.* at 9–13).  The Court discusses each of these arguments below.

## DISCUSSION

I.    **Plaintiffs' ADA and Section 504 Claims are Not Limited to the Administrative Record.**

In any action brought under the IDEA, "the court—(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C).  "The Second Circuit has yet to address the standard for admitting additional evidence in an IDEA proceeding."  *Eschenasy v. N.Y.C. Dep't of Educ.*, 604 F. Supp. 2d 639, 649 (S.D.N.Y. 2009).  However, courts within this district have adopted the approach articulated by the First Circuit in *Town of Burlington v. Department of Education*, 736 F.2d 773 (1st Cir. 1984),[5] as have other circuits.[6]

In *Burlington*, the First Circuit explained that the statutory scheme "contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial" and obligates the court of first resort to assess the merits and "make an independent ruling based on the preponderance of the evidence."  *Burlington*, 736 F.2d at 790; *accord Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 989 (1st Cir. 1990); *see also R.E.*, 694 F.3d at 184 ("A federal court reviewing a dispute over an [individualized education program] must base its decision on the preponderance of the evidence.").  To "assur[e] that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby rendering the administrative hearing nugatory, a party seeking to introduce

---

[5] *See, e.g., M.L. v. N.Y.C. Dep't of Educ.*, 943 F. Supp. 2d 443, 445 (S.D.N.Y. 2013); *Eschenasy*, 604 F. Supp. 2d at 649; *K.M. v. Katonah-Lewisboro Union Free Sch. Dist.*, No. 19-cv-9671, 2020 WL 4038354, at *4 (S.D.N.Y. July 17, 2020).

[6] *See Springer ex rel. Springer v. Fairfax Cnty. Schoolboard*, 134 F.3d 659, 667 (4th Cir. 1998); *Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir. 1996); *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 759 (3d Cir. 1995); *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472–73 (9th Cir. 1993); *Metro. Gov't of Nashville v. Cook*, 915 F.2d 232, 234–35 (6th Cir. 1990).

additional evidence at the district court level must provide some solid justification for doing so."
*Roland*, 910 F.2d at 996.  The district court "should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources."  *Id.* (quoting *Burlington*, 736 F.2d at 791).  Additionally, in applying the *Burlington* standard, "the Third Circuit has stated that the district court should consider additional evidence that is 'relevant, non-cumulative, and useful.'"  *Eschenasy*, 604 F. Supp. 2d at 649 (quoting *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3d Cir. 1995)).

The District argues that Plaintiffs' discovery requests should be precluded because the Court's review of the administrative decision must be limited to the evidence presented at the administrative hearing.  (ECF No. 33 at 7).  Even if true regarding Plaintiffs' IDEA claim, the same cannot be said of Plaintiffs' ADA and Section 504 claims.  The relevant statute provides that "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under," inter alia, the ADA and Section 504 of the Rehabilitation Act.  *See* 20 U.S.C. § 1415(l); *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 161 (2017) (explaining that § 1415(l) "reaffirms the viability of federal statutes like the ADA or Rehabilitation Act as separate vehicles, no less integral than the IDEA, for ensuring the rights of handicapped children") (alterations and internal quotation marks omitted).  Notably, the District points to no cases that limit the Court's review of ADA and Section 504 claims to the administrative record below.  As one court noted under similar circumstances, "[w]hether or not discovery should be permitted with regard to a complaint raising claims solely under the IDEA upon the administrative record is quite beside the point" because "[t]he fact is that Plaintiff has seen fit to

4

maintain a second, separate cause of action, arising under Section 504 of the Rehabilitation Act

of 1973, and that discovery is appropriate upon the Rehabilitation Act Claim." *H.A. v. Camden

City Bd. of Educ.*, No. 10-0733, 2011 WL 3236204, at *2 (D. N.J. July 28, 2011).

Moreover, even under the *Burlington* standard applicable to IDEA claims, the statutory

scheme contemplates that "some supplementation at trial" may be warranted. *Burlington*, 736

F.2d at 790.  Here, when the SRO reviewed the District's appeal, the SRO declined to rule on

Plaintiffs' Section 504 and ADA claims, explaining that the SRO lacked jurisdiction to consider

them.  (ECF No. 13-2 at 19).  This Court, however, does not lack such jurisdiction. *See, e.g.*,

*B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 156–62 (2d Cir. 2016) (considering claims under

the IDEA, ADA, and Section 504).  Thus, allowing discovery to proceed on the ADA and

Section 504 claims would not undermine the administrative proceeding or result in a trial de

novo on issues decided at the administrative proceeding. *Roland*, 910 F.2d at 996.

II.     **That Plaintiffs Raised Their ADA and Section 504 Claims at the Administrative
        Hearing Does Not Bar Them from Obtaining Additional Discovery in This Case.**

The District also argues that Plaintiffs should be precluded from obtaining discovery on

their ADA and Section 504 claims, because they were raised and rejected at the administrative

proceeding.  (ECF No. 33 at 8–10).  The District appears to be arguing that Plaintiffs' ADA and

Section 504 claims should not be treated as "original" claims, because they are merely an attempt

to repackage and relitigate Plaintiffs' IDEA claim.  (*Id.* at 8).  However, Plaintiffs, "as master of

[their] complaint," *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010), are free to raise ADA

and Section 504 claims independently from their IDEA claim. *See, e.g.*, *B.C.*, 837 F.3d at 156–

62 (considering ADA and Section 504 claims independently from an IDEA claim).  That such

claims may rely on overlapping facts does not mean they cannot be raised as independent claims.

Nor does Plaintiffs' decision to raise their ADA and Section 504 claims at the administrative

hearing below provide a basis to preclude discovery on these independent claims now.  *See, e.g.,*
*H.A.,* 2011 WL 3236204, at *3 (finding that party could not preclude discovery of Section 504
claim in civil case on the grounds that claim was previously raised in administrative proceeding
below).

      Although unclear, the District also appears to argue that Plaintiffs' ADA and Section 504
claims should be barred by res judicata, because they were raised and rejected at the
administrative hearing.  (ECF No. 33 at 8–11).  But such an argument would be more aptly
raised on a dispositive motion, and no such motion is pending.  Unless and until Plaintiffs' ADA
and Section 504 claims are dismissed from the case, discovery on those claims must proceed.
Moreover, the record does not reflect that Plaintiffs' ADA and Section 504 claims were rejected
on the merits at the administrative proceeding.  Undisputedly, Plaintiffs raised their ADA and
Section 504 claims at the administrative proceeding.  (ECF No. 31-2 at 1, 8–9, 11).  However,
the IHO did not specifically address Plaintiffs' ADA and Section 504 claims.  (ECF No. 13-1).
Rather, the IHO stated that he "considered all other requests and claims by the parties and
[found] them to be without merit or insufficiently asserted."  (*Id.* at 24).  The SRO declined to
rule on Plaintiffs' ADA and Section 504 claims, saying that he lacked jurisdiction to review
them.  (ECF No. 13-2 at 19).  Thus, the ADA and Section 504 claims may have been raised at
the administrative hearing, but the District cannot fairly argue they were rejected on the merits.

**III.    The District's Arguments Regarding Statute of Limitations and Exhaustion are**
**Improperly Raised on this Discovery Motion.**

      The District next argues that Plaintiffs' claims are barred by the statute of limitations and
failure to exhaust administrative remedies.  (ECF No. 33 at 10–11).  But as with the District's res
judicata argument, these other arguments are more aptly raised on a dispositive motion and no
such pending motion exists.  The Court thus declines to address the merits of these arguments as

part of the District's discovery motion.

In any event, the District's invocation of the exhaustion requirement appears disingenuous. Because Plaintiffs' ADA and Section 504 claims were raised in conjunction with rights available under the IDEA, Plaintiffs were required to exhaust such claims administratively, unless doing so would have been futile. 20 U.S.C. § 1415(l); *Fry*, 580 U.S. at 165–74. Here, Plaintiffs did raise their Section 504 and ADA claims at the administrative hearing (ECF Nos. 13-1 at 10, 24; 13-2 at 11, 19), as the District points out numerous times in its brief. (*See, e.g.*, ECF No. 33 at 2–4, 8).

Moreover, even if Plaintiffs' attempt to exhaust was deficient, any further efforts to exhaust would have been futile given the SRO's ruling that he lacked jurisdiction to review Plaintiffs' ADA and Section 504 claims. Specifically, the SRO stated, "an SRO lacks jurisdiction to consider a parent's challenge to an IHO's failure or refusal to rule on section 504 or ADA claims, as an SRO's jurisdiction is limited by State law to matters arising under the IDEA." (ECF No. 13-2 at 19 (citing N.Y. Educ. Law § 4404(2))). Plaintiffs cannot be forced to exhaust administrative remedies that the SRO had no authority to provide. *See J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 113 (2d Cir. 2004) (applying futility where there was a "systemic violation[]" that the administrative review process "had no power to correct"); *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 789 (2d Cir. 2002) (applying futility where the hearing officer denied standing because the due process hearing was not the proper forum for the raised claim); N.Y. Educ. Law § 4404(2) (limiting SRO's review to "any determination of the [IHO] relating to the determination of the nature of a child's handicapping condition, selection of an appropriate special education program or service and the failure to provide such program and require such board to comply with the provisions of such modification"); *A.M. ex rel. J.M. v. N.Y.C. Dep't of*

7

*Educ.*, 840 F. Supp. 2d 660, 672 n.17 (E.D.N.Y. 2012) ("Under New York State education law, the SRO's jurisdiction is limited to matters arising under the IDEA or its state counterpart.") (citing N.Y. Educ. Law § 4404(2)); *see, e.g., F.C. v. N.Y.C. Dep't of Educ.*, No. 15-cv-6045, 2016 WL 8716232, at *11 (S.D.N.Y. Aug. 5, 2016) ("[A]lthough F.C.'s appeal to the SRO did not invoke the § 504 claims, doing so would have been futile because state law does not give the SRO jurisdiction over § 504 claim.").

As to statute of limitations, the District fails to address whether it was tolled while Plaintiffs attempted to exhaust their ADA and Section 504 claims.  Indeed, the lack of such tolling could result in a "catch-22" in which a party must either risk dismissal for failure to exhaust administrative remedies or wait to exhaust administrative remedies but risk dismissal for untimeliness.  *Cf. Gonzalez v. Hasty*, 651 F.3d 318, 323–24 (2d Cir. 2011) (holding that statute of limitations must be tolled while prisoner completes mandatory administrative exhaustion process under 42 U.S.C. § 1997e to avoid the "catch-22" of dismissal based upon untimeliness); *see, e.g., K.C. v. Chappaqua Cent. Sch. Dist.*, No. 16-cv-3138, 2018 WL 4757965, at *18 (S.D.N.Y. Sept. 30, 2018) (citing *Gonzalez* and finding that "[c]laims are tolled during mandatory administrative exhaustion" in context of IDEA, ADA, and Section 504 claims).  In any case, if the District seeks to dismiss Plaintiffs' claims on statute of limitations grounds, then it must make a proper motion to do so rather than seek to avoid discovery on a currently pending claim.

## IV.   The District Has Not Met its Burden of Showing that Plaintiffs' Discovery Requests are Improper.

Under Fed. R. Civ. P. 26(c), a court may issue "an order to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense."  The Court has "broad discretion . . . to decide when a protective order is

appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The party seeking a protective order bears the burden of establishing that good cause for the order exists." *Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019). "Good cause is established by demonstrating a particular need for protection." *Id.* (internal quotation marks omitted). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Id.* (internal quotation marks omitted).

The District argues that Plaintiffs' discovery requests are unduly burdensome, seek confidential information regarding other students, and/or relate to the IDEA claim, which should be limited to the administrative record. (ECF No. 33 at 11–14). Most of the District's arguments contain conclusory assertions about the "hundreds" or "thousands of man hours" it would take to respond to Plaintiffs' requests. (*Id.* at 12–13). Other arguments reiterate the District's assertion that Plaintiffs should be limited to the administrative record, which the Court has already addressed above. (*Id.* at 13–14). Still other arguments rely on privacy concerns about the production of personal identifying information of other students (*id.* at 12), which are important concerns that could be addressed through redaction or similar methods.

It appears to the Court that the parties have not had a meaningful discussion about Plaintiffs' discovery requests, because the District has until now taken the position that no discovery is warranted at all. For example, Plaintiffs have indicated a willingness to work with the District to propose reasonable and administrable parameters for their discovery requests (ECF No. 34 at 11), but it is unclear whether any such proposals have been discussed or considered. Therefore, consistent with this Court's opinion that Plaintiffs are entitled to discovery on their ADA and Section 504 claims, even if such discovery overlaps with Plaintiffs'

IDEA claim, the parties are directed to meet and confer within two weeks of this Order to establish reasonable and administrable parameters for such discovery, acceptable to the parties, and responsive to Plaintiffs' discovery requests.

## **CONCLUSION**

Accordingly, the District's motion for a protective order is **DENIED**.  By no later than **September 20, 2023**, the parties are directed to meet and confer regarding Plaintiffs' January 3, 2023, Interrogatories and August 31, 2022, Requests for Production to establish reasonable and administrable parameters for discovery, acceptable to the parties, and responsive to Plaintiffs' discovery requests.  By no later than **September 20, 2023**, the parties are directed to submit a proposed revised Civil Case Discovery Plan and Scheduling Order.

By no later than **September 27, 2023**, the parties are directed to submit a joint status letter regarding the status of their discussions, including any remaining disputes regarding Plaintiffs' written discovery requests.  The parties must specifically identify and quote any disputed request, in accordance with S.D.N.Y. Local Rule 37.

**SO ORDERED.**

DATED:      White Plains, New York
            September 6, 2023

                                        _____
                                        VICTORIA REZNIK
                                        United States Magistrate Judge